UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEVEN WILLIAM NAPE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>EDWARD LEE KELLS,<br><br>and<br><br>AVERITT EXPRESS, INC.,<br><br>　　　　　Defendants. | CASE NO.　7:19cv517<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW the Plaintiff, Steven William Nape, by and through counsel, and files this Complaint against the Defendants, Edward Lee Kells and Averitt Express, Inc., and in support thereof states the following:

### JURISDICTION AND VENUE

1. The jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. § 1332 and § 1391, respectively.

2. This is a civil action in which the amount in dispute exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and is based on diversity of citizenship between the parties.

3. Venue is proper in the United States District Court for the Western District of Virginia, Roanoke Division, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Montgomery County, Virginia.

## PARTIES

4. Plaintiff repeats each and every allegation of the foregoing paragraphs as though set forth verbatim and at length herein.

5. Plaintiff Steven Nape is a citizen of Radford, Virginia. He is 50 years old, married, and has two sons.

6. Defendant Edward Lee Kells ("Kells") is a citizen of the state of Georgia and was at all times relevant hereto the holder of a Georgia Class A Commercial Driver's License and a professional truck driver subject to the Rules of the Federal Motor Carrier Safety Administration regarding the safe operation and inspection of tractor-trailers. He had, presumably, received training and education in the safe operation and inspection of tractor trailers.

7. Defendant Averitt Express, Inc. ("Averitt") is a Tennessee corporation that owns and operates a transportation and supply chain management company. Its principal office is located at 1415 Neal Street, Cookeville, Tennessee.

8. Averitt was, at all times relevant hereto, a Federal Commercial Motor Carrier subject to the Rules of the Federal Motor Carrier Safety Administration.

## FACTS

9. Plaintiff repeats each and every allegation of the foregoing paragraphs as though set forth verbatim and at length herein.

10. On Sunday, September 10, 2017, Steven woke up early to head to the office.

11. Steven lived in Radford, Virginia, but worked at Jefferson College in Roanoke, Virginia (about one hour's drive away via Interstate 81 North).

12. While on his way to the office, Steven pulled his car completely onto the shoulder of I-81 North, approximately 1.3 miles south of Exit 128 to Ironto.

13. While pulling his vehicle onto the shoulder, Steven thought that he heard the car hit some debris.

14. Steven's car was as far off of the road as was physically possible.

15. Steven's car was on the shoulder side of the white line.

16. Steven's car was on the shoulder side of the rumble strips.

17. Steven's vehicle was *completely* out of the roadway.

18. Because he was concerned about possible damage to his vehicle, Steven got out of the vehicle and went to inspect the passenger-side front wheel to see if there was any damage.

19. Steven crouched down between his car and the guardrail to inspect the wheel and tire.

20. While looking at his passenger-side front wheel, Steven heard what he believed to be a tractor-trailer running over the "rumble strips" on the shoulder of the road.

21. In fact, defendant Edward Lee Kells was negligently operating a tractor-trailer on behalf of Averitt Express, Inc. at that time in a northbound direction on I-81.

22. Kells knew that he was operating a large, dangerous vehicle.

23. Kells was not paying attention to the road and was not keeping a proper lookout while driving.

24. In so doing, Kells deliberately ignored a known danger and placed others at imminent risk of harm.

3

25. Kells knew that if he failed to keep a proper lookout while driving the tractor-trailer, he would needlessly endanger the health and safety of others.

26. Kells was not keeping his vehicle under proper control.

27. In so doing, Kells deliberately ignored a known danger and placed others at imminent risk of harm.

28. Kells knew that if he failed to keep proper control of his tractor-trailer, he would needlessly endanger the health and safety of others.

29. Kells was exceeding the posted speed limit.

30. By failing to operate his vehicle at a safe speed, Kells deliberately ignored a known danger and placed others at imminent risk of harm.

31. Kells permitted his tractor-trailer to cross the rumble strip and crash into Steven's car.

32. There was and is no excuse or legitimate justification for Kells's failure to keep his vehicle on the roadway.

33. The events of the crash were captured on an event data recorded ("EDR") in the possession, custody, and control of the Defendants.

34. Kells's improper operation of the tractor trailer was recorded by a truck-mounted video camera, and the footage of the crash has been and currently is in the Defendants' possession, custody and control.

35. The crash caused Steven's car to suddenly lurch forward and violently trap him in between the car and the guardrail.

36. The damage to Steven's car was as follows:



37. The force of the impact rattled Steven's head in the confined space between the guardrail and the passenger side front of the vehicle.

38. Fearful that he might be struck by another negligent motorist, or that his own car might move again and injure him further, Steven struggled to free himself from the space between the car and the guardrail.

39. Steven's left leg was positioned such that he could push on it with his right arm, essentially popping his knee out of joint so as to give himself enough room to twist his body to get free.

40. Stunned, Steven then sat on the guardrail, clear of the car, confused and unsure of what to do next.

41. Shortly thereafter, Kells walked in Steven's direction and said "Where were you? Were you inside the car?"

42. Steven replied that he was not in the car, and indicated that he had been outside of the car on the passenger side.

43. Kells then told Steven "I didn't see you."

44. Kells was able to call his employer to report the crash, but for some reason claimed that he was unable to dial 911 despite at least one attempt.

45. Thereafter, Steven called 911 himself without any issue, and reported the crash.

46. An ambulance, police officer, and traffic control vehicle arrived thereafter.

47. Kells made numerous false and misleading statements to the police officer.

48. After the crash, Averitt failed to conduct any drug testing of Kells.

49. An ambulance took Steven to Carilion New River Valley Medical Center in Christiansburg, Virginia.

50. Prior to being discharged home, the investigating officer arrived to meet with Steven.

51. The officer told Steven that Kells admitted that he was "distracted" by seeing Steven on the side of the road, and therefore Mr. Kells struck Steven's car.

52. Since the time of the crash, Steven has suffered from severe personal injuries, including without limitation a brain injury and multiple orthopedic injuries, all of which have taken a severe toll on his personal and professional life.

## COUNT ONE
### Negligence
*All Defendants*

53. Plaintiff repeats each and every allegation of the foregoing paragraphs as though set forth verbatim and at length herein.

54. As alleged herein, Kells was Averitt's employee, agent, servant, workman, partner, and/or joint venturer.

55. Averitt is vicariously liable for Kells's wrongful acts and omissions as set forth herein.

56. At the time and place relevant herein, it was the duty of Defendants to operate the tractor-trailer in a lawful manner with reasonable care and due regard for others using the road.

57. Notwithstanding these duties, Defendants did then and there carelessly, recklessly, and negligently operate the tractor-trailer by failing to maintain proper control of said vehicle and causing the subject crash.

58. Defendants deliberately ignored known dangers to the motoring public and in so doing needlessly placed others at imminent and needless risk of serious injury and/or death.

59. As a result of Defendants' negligence, Steven's car was struck and he suffered severe injuries.

60. Defendants were negligent in at least the following ways:

    a. Kells failed to keep a proper lookout under the conditions of the highway at the time;

    b. Kells failed to see what was in plain sight under the conditions of the highway at the time;

    c. Kells failed to keep his vehicle under proper control;

d.  Kells failed to use the last clear chance to avoid the collision;

e.  Kells failed to stop or slow his vehicle before colliding with the vehicle that the Plaintiff had been operating;

f.  Kells failed to pay full time and attention while driving;

g.  Kells exceeded a reasonable speed under the existing circumstances and conditions;

h.  Kells failed to exercise reasonable care under the circumstances then and there existing; and

i.  Kells lied to investigating officers regarding the events of the crash and attempted to conceal his wrongful acts.

61. As a direct and proximate result of Defendants' wrongful conduct, Steven has suffered and will continue to endure, among other things, physical injury, emotional injury, lost wages, disability, pain, suffering, inconvenience, embarrassment, humiliation, mental anguish, loss of enjoyment of life, expenses for treatment of injuries and mental impairment, and other elements of damages provided for by Virginia law.

62. Plaintiff demands trial by jury as to all issues so triable.

WHEREFORE, the Plaintiff, Steven William Nape, demands judgment against the Defendants, jointly and severally, awarding compensatory damages in an amount to be proven at trial, plus all taxable costs with prejudgment interest on all of these amounts, pursuant to Va. Code § 8.01-382, from September 10, 2017 until paid, and for such other and further relief as may be just and equitable.

Respectfully Submitted,
STEVEN WILLIAM NAPE

/s/ Les S. Bowers
Les S. Bowers, Esq. (VSB 77840)
E. Kyle McNew, Esq. (VSB 73210)
MICHIEHAMLETT, Attorneys at Law
500 Court Square, Suite 300
Post Office Box 298
Charlottesville, VA 22902
P: (434) 951-7200
F: (540) 951-7256
LBowers@MichieHamlett.com
KMcNew@MichieHamlett.com

/s/ Robert E. Hawthorne
Robert E. Hawthorne, Esq.
Robert E. Hawthorne, Jr., Esq.
Hawthorne & Hawthorne, P.C.
191 King Street
Post Office Box 269
Keysville, Virginia 23947
Bob@Hawthorne.law
Robert@Hawthorne.law

*Attorneys for Plaintiff*